# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SCOTT PAUL DUBOSE,

    Plaintiff,

v.                                                   Case No: 8:24-cv-01810-KKM-TGW

WISH FARMS INC. et al,

    Defendants.

_____

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Scott Dubose, proceeding pro se, sues Wish Farms Inc. and Garry Wishnatzki, ostensibly under 18 U.S.C. § 1114 and 18 U.S.C § 115. *See* Compl. (Doc. 1). Dubose appears to generally allege that he was attacked in several instances, and requests twenty-seven million dollars in damages on the Civil Cover Sheet, but seven million dollars in the complaint. *Id*. at 4, (1-3).

The Eleventh Circuit has outlined four common types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that

they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Dubose's complaint suffers from three of the four types of shotgun pleadings. It is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1321–23. For example, Dubose references various years in his complaint, suggesting defendants attempted to "cover up for 1998, 2003, and 2004, 2005 and 2007," but does not explain what occurred in those years. Compl. at 4. He also states that the defendant's brother attacked him "for the defendant's prior in 1998 as he told me to my face, each time," but does not elaborate what "defendant's prior is." *Id.* Further, Dubose lists 18 U.S.C. § 1114 and 18 U.S.C § 115 as the basis for federal question jurisdiction but fails to allege how those statutes are connected to the alleged facts. 18 U.S.C § 115 proscribes threatening or injuring a family member of a federal official, but Dubose contends *he* was a federal government employee who was attacked. Compl. at 5. And 18 U.S.C. § 1114 criminalizes murder or attempted murder of a government employee in the performance of, or because of, their official duties, but Dubose does not allege he was carrying out his official duties at the time of the attacks. *See id*.

Dubose also fails to separate each cause of action into different counts or specify which of the defendants are responsible for which acts. *See Weiland*, 792 F.3d at 1321–23. Though two statutes are listed, Dubose's factual allegations are listed in six counts without specifying which causes of action they relate to. Compl. at 4. Regarding identifying defendants, Dubose listed two and refers to them

2

throughout his complaint as "the defendants" but does not explain who is responsible for precisely which alleged actions. *Id*. And at one point, Dubose alleges the "defendant's brother" attacked him, but does not specify which defendant he is referring to. *Id.* The culmination of these pleadings is that "defendants [lack] adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.

In sum, Dubose may amend his complaint to make it clear what he believes has transpired, what laws he believes have been violated (each listed in a separate count), and who is responsible for each violation. To the extent that the supplement, (Doc. 4), filed by Dubose is a motion to amend his complaint, that entry must be stricken.

Accordingly, the following is **ORDERED:**

1. The Clerk is direct to **STRIKE** the Supplement, (Doc. 4), from the record.

2. The Motion to Proceed in Forma Pauperis, (Doc. 2), is **DENIED** as moot. Dubose may refile this Motion no later than **October 26, 2024**.

3. The Complaint, (Doc. 1), is **DISMISSED without prejudice**. Dubose may refile an amended complaint no later than **October 26, 2024**. If Dubose fails to refile in a timely manner, this action will become subject to dismissal without further notice.

**ORDERED** in Tampa, Florida, on September 26, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE*

* Signed by Judge Thomas P. Barber to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.